## A. BEATTY, Syndic, *v.* A. TETE.

The 25th section of the Act incorporating the Union Bank, permits a wife to bind herself jointly and *in solido* with her husband, in all hypothecary contracts or obligations with the bank.

An individual renunciation of prescription cannot be implied from an acknowledgment of the debt as administratrix.

C. C. 3517.

APPEAL from the District Court of the parish of Assumption, *Randall, J. J. C. & A. Beatty*, for plaintiff. *Ilsley*, for defendant.

CAMPBELL, J. The defendant is appellant from a judgment for the sum of three thousand five hundred dollars, with ten per cent. interest from July 1, 1846, rendered jointly and severally against herself and the succession of her deceased husband, of which succession she is the administratrix. The demand of plaintiff is based on a joint and several mortgage bond for five thousand dollars, given by the appellant and her deceased husband to the Union Bank of Louisiana, for a loan of money. The bond was executed on the 1st of July, 1840, and payable on the 1st of July, 1841, fixed. Defendant, in a seperate answer, pleads the general issue, the prescription of ten years, and a special denial of any personal liability.

On the trial, it was admitted that the bond had been legally transferred by the Union Bank to *P. Marchais*, whose syndic the present plaintiff is. The signatures of the defendant to the bond sued on, and to a written memorandum thereon endorsed, are likewise admitted. The memorandum is in the following words: "I recognize that there is due on the within bond, by the estate of *Auguste Tete*, of which I am administratrix, the sum of three thousand five hundred dollars, with ten per cent. interest from July 1, 1846. The whole bearing mortgage on said property, described in the act of mortgage with which this bond is identified. April 23, 1850." (Signed,) "Vv. AUGTE. TETE." The mortgage was recorded July 2, 1840, and re-inscribed, May 3, 1850.

If by the averment in appellant's answer, that she is "not personally liable," it is intended that she is not liable, because the debt is a debt of her husband, for which she could not bind herself, the objection is answered by reference to

A. BEATTY,
v.
A. TETE.

the 25th section of the act incorporating the Union Bank, which provides : that "in all hypothecary contracts and obligations entered into by any married individual, with, or in favor of said Union Bank, it shall be lawful for the wife of said individual to bind and oblige herself, jointly and *in solido*, with him ; and in such case, the property and right of the wife, whether dotal, or of any other description, shall be effected by the said contracts or obligations." Acts 1832, p. 62.

The only fact upon which the plaintiff relies to defeat the plea of prescription, is the acknowledgment signed by the administratrix in April, 1852, at which time more than ten years had elapsed from the maturity of the bond. The question, therefore, is one of the renunciation, not of the interruption of prescription, and the Article 3517 of the Civil Code, which is confined to cases of interruptions, seems inapplicable.

A renunciation of prescription is the abandonment of a right acquired. C. C. 3425.

Individually, the appellant has made no acknowledgment; and, as the general rules are that prescription is not to be extended, and that to deduce an implied renunciation, the implication must be clear and unequivocal, we think an individual renunciation cannot be implied from her acknowledgment as administratrix.

No appeal having been taken from the judgment as against the succession of the deceased *Auguste Tete*, we do not deem it necessary to inquire whether an administratrix has the capacity to renounce a prescription already acquired by the succession which she administers.

Upon an examination of the acknowledgment above referred to, it appears that the original debt was at that time reduced from $5,000 to $3,500, and that interest was due only from July 1, 1846. It has occurred to us, that this condition of the affair probably has resulted from payments, which, if made before the acquisition of prescription, would establish its interruption.

Under these circumstances, we think a nonsuit would be proper.

It is therefore ordered, adjudged and decreed, that the judgment appealed from, so far as it affects the appellant individually, be annulled and reversed ; and that there be judgment in her favor, as in case of nonsuit, with costs in both courts.